United States District Court
Southern District of Texas
**ENTERED**
June 17, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMA BROWN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:21-cv-04093 |
| | § | |
| WOOD GROUP USA, INC., DESROY MARTIN, | § | |
| AND AMEC FOSTER WHEELER KAMTECH, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This negligence action is before the Court on Plaintiff's Motion to Remand. ECF No. 12. Defendants filed a response (ECF No. 16) and Plaintiff filed a reply. ECF No. 19.[1] Having considered the submissions and the applicable law, the Court RECOMMENDS that the Motion be GRANTED.

**I.  Background**

Plaintiff sustained personal injuries while working as a crane operator at a "wind project" located in Kingman Kansas (the "Project"). ECF No. 1-1 at 1. Plaintiff alleges that on December 13, 2020, snow and ice caused a crane used at the Project to become unmovable. *Id*. Plaintiff alleges that despite the Project's standard policy of shutting down work at the site after sunset, on December 14, 2020, Desroy Martin, employed by Defendants AMEC Foster Wheeler Kamtech, Inc. ("AMEC") and Wood Group USA, Inc. ("Wood Group"), instructed Plaintiff and her crew to continue working to extract the stuck crane. *Id*. After an additional hour of work,

---

[1] The District Judge referred this case to this Magistrate Judge for pre-trial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act.

1

Plaintiff and her crew were able to free the crane. ECF No. 1-1 at 2. After Plaintiff completed this task, Plaintiff alleges that Martin asked her to drive the crane to another site. *Id*. Citing the hazardous conditions caused by the wintery weather and poor visibility, Plaintiff refused and attempted to exit the cab of the crane. *Id*. Plaintiff alleges that because there were no portable lights turned on, as Plaintiff exited the crane, she slipped on the crane's deck and fell to the ground below, causing her to suffer significant orthopedic injuries. *Id*. at 2-3. Plaintiff seeks over $1,000,000 in damages for her alleged injuries. *Id*. at 7.

Plaintiff filed an original petition in state court on October 11, 2021 asserting claims for negligence, gross negligence, and respondeat superior against Wood Group. ECF No. 1-3. On November 24, 2021, Plaintiff filed an amended petition naming Martin and AMEC as additional defendants. ECF No. 1-1. Plaintiff alleges that Wood Group and AMEC are liable because they employed Martin and provided the engineering, procurement, and construction ("EPC") services at the Project through an agreement entered into between Wood Group, AMEC, and HKA, Plaintiff's employer. *Id*.

On December 16, 2021 Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) arguing that this Court has diversity jurisdiction. ECF No. 1. Defendants contend that diversity jurisdiction exists because Plaintiff is a citizen of Colorado, AMEC is a foreign corporation incorporated in Georgia with a principal place of business in Georgia (making it a citizen of Georgia) and Desroy Martin is a citizen of Georgia. ECF No. 1 ¶¶ 3-5. Defendants argue that while Wood Group is a domestic corporation doing business in Texas with its principal place of business in Houston, Texas (making it a citizen of Texas), Wood Group's citizenship should not be considered for determining removal jurisdiction as it was improperly joined by Plaintiff. *Id*. ¶ 6.

Plaintiff filed this motion to remand asserting this Court lacks diversity jurisdiction because Plaintiff and Wood Group are both citizens of Texas. ECF No. 12 at 3-5.[2]  Plaintiff also argues that because Wood Group is a citizen of Texas and this case was removed to federal court in Texas, removal is improper under 28 U.S.C. § 1441(b)(2).  ECF No. 12 at 6.  Plaintiff further argues that remand is required because not all defendants were properly served before the case was removed. *Id*.

Defendants respond that diversity jurisdiction exists in this Court and removal is proper because Wood Group was improperly joined. ECF No. 16 at 5-11.  Defendants further argue that the removal statute upon which Defendants rely only requires that all defendants who have been properly served join in or consent to removal, not that a defendant who has not yet been properly served must accept service and consent before the case can be removed. *Id*. at 12.

## II.     Legal Standards

Except as otherwise expressly provided by Act of Congress, a defendant or defendants in a civil action brought in state court may remove an action to federal court if the action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions in the form of diversity jurisdiction where the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  For a court to have jurisdiction under 28 U.S.C. § 1332, there must be complete diversity, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

---

[2] In addition to filing the instant motion, Plaintiff moved for leave to file an amended complaint, alleging that she is a citizen of Texas, not Colorado.  ECF No. 13.

Pursuant to 28 U.S.C. § 1441(b)(2), a civil action that is removable under 28 U.S.C. § 1332(a) may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguna v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Improper joinder occurs when a plaintiff seeks to defeat diversity jurisdiction in the federal courts by joining a party who isn't a proper defendant." *Arias v. Zachry LLC*, 532 F. Supp. 3d 473, 475 (S.D. Tex. 2021) (citing Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3723.1 (West 4th ed. 2010)). If the Court determines a defendant has been improperly joined, it must dismiss the improperly joined party without prejudice and the case remains in federal court. *Id*. at 476 (citing *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016)).

Improper joinder can be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) a plaintiff's inability to establish a cause of action against the party that prevents the court from having jurisdiction. *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017). To establish improper joinder under the second prong, the party opposing remand must demonstrate "that there is no possibility of recovery" against the in-state defendant, meaning "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state . . . defendant." *Id*. (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

To determine whether a defendant was improperly joined, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the defendant." *Id*. (internal quotations and alterations omitted). However, where it appears that "a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. The Fifth Circuit has cautioned that such inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant" because "[a]ttempting to move beyond the summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits." *Id*. at 573-74. As such, "summary inquiry isn't appropriate where the subject facts are disputed, where their proof is complicated, or where they wouldn't decisively resolve the potential for liability." *Arias*, 532 F. Supp. 3d at 476 (citing *Cumpian v. Alcoa World Alumina, LLC*, 910 F.3d 216, 220-21 (5th Cir. 2018)).

"A heavy burden rests upon the party asserting improper joinder to prove it." *Arias*, 532 F. Supp. 3d at 477 (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (2005)). Any "contested factual issues and ambiguities of state law" must be resolved in favor of remand. *Allen v. Wal-Mart Stores, LLC*, 907 F.3d 170, 184 (5th Cir. 2018) (internal quotation omitted).

**III. Analysis**

The parties do not dispute that Wood Group is a citizen of Texas. While Plaintiff disputes the existence of diversity jurisdiction, "[t]o determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the Amended Petition removed to this Court alleges that Plaintiff is a citizen of Colorado, for

5

purposes of removal, the Court construes Plaintiff to be a citizen of Colorado and that this case is removable under 28 U.S.C. § 1332(a) because complete diversity between the parties exists and the amount in controversy exceeds the sum or value of $75,000. Therefore, because Wood Group is a citizen of Texas and this case was removed under 28 U.S.C. § 1332(a) to a federal court in Texas, removal is prohibited under 28 U.S.C. § 1441(b)(2) unless Defendants can establish that Wood Group was improperly joined.

Plaintiff's claims against Wood Group are predicated on her allegations that Wood Group contracted with HKA—Plaintiff's employer—to perform services at the Project. Plaintiff alleges that Defendants, including Wood Group, owed a duty of reasonable care to Plaintiff and breached that duty by, *inter alia,* failing to create and enforce safety guidelines; failing to use lighting equipment; failing to train employees; and failing to maintain a safe work environment. Plaintiff further alleges that Desroy Martin, an employee and agent of Wood Group, forced Plaintiff to continue working after sunset, despite a standard policy of shutting down the project after dark, which caused Plaintiff to slip from the crane and suffer injuries. ECF No. 12 at 5.

Defendants argue that Plaintiff's complaint misstates numerous facts. Defendants aver that Wood Group was not a party to the EPC Agreement, did not enter into any contract with HKA, and that Martin was an employee of AMEC, not Wood Group, negating any claim that Wood Group owed a duty to Plaintiff. Defendants urge a summary inquiry into the corporate identity and operations of Wood Group by offering two declarations from representatives of Wood U.S.A., Inc. (ECF Nos. 16-3 and 16-4), excerpts of the EPC Agreement (ECF No. 16-5), and a copy of the Project's contract purportedly entered into between AMEC and HKA (ECF No. 16-6). Defendants filed a declaration from Paula Murphy who describes herself as the Chief Marketing & Communications Officer for Wood PLC. *See* ECF No. 16-3. According to

Murphy, Martin was an AMEC employee, not a Wood Group employee, who worked on the Project on the date of the incident at issue in this lawsuit. *Id*. at 3. Murphy explains that Martin listed "Wood" as an employer in his LinkedIn profile to support the "Wood" brand, however "Wood" is not a legal entity and did not enter into any contracts or employ any individuals. *Id*. Murphy states that AMEC, not Wood Group, was awarded the EPC agreement to provide services for the Project as evidenced by the EPC Agreement between Flat Ridge 3 Wind Energy LLC and AMEC, *see* ECF No. 16-5, and the Master Services Agreement between AMEC and HKA. ECF No. 16-6.

Plaintiff disputes Defendants' claims and supports her allegation that Wood Group was involved with the Project by providing: a press release stating that "Wood will provide the entire EPC services" for the Project (ECF No. 12-3); Martin's LinkedIn profile in which Martin describes himself as an EPC Project Manager for "Wood" (ECF No. 12-4); an exhibit to a document which Plaintiff purports to show that "Wood" had a contract with HKA at the Project (ECF No. 12-6)[3]; and a witness statement regarding the accident from Chris Rollins, another individual who listed "Wood" as an employer on his LinkedIn profile. Plaintiff the witness statement from Rollins as evidence that Wood Group interacted with individuals at the project and had knowledge of the incident at issue (ECF No. 12-7).

The parties' submissions evince a genuine factual dispute that is inappropriate for resolution by a summary inquiry. In *Smallwood*, the Fifth Circuit identified "prototypical cases" it deemed appropriate for summary inquiry including cases where an in-state defendant did not

---

[3] Defendants have moved to strike this exhibit ("Exhibit E"), arguing, *inter alia*, that Plaintiff has failed to provide any evidence to authenticate the document and that the document constitutes hearsay. *See* ECF No. 17. While Plaintiff's Motion to Remand lacks evidence to authenticate Exhibit E, Plaintiff's response to the motion to strike provides an affidavit from Plaintiff stating that Exhibit E is a page from Plaintiff's new-hire paperwork for the Project, of which Plaintiff photographed on November 23, 2020. *See* ECF No. 20-1. Plaintiff's affidavit atttaches screenshots of the new-hire paperwork, in full. ECF No. 20-2. Accordingly, Defendants' Motion to Strike Exhibit E (ECF No. 17) is DENIED.

treat the plaintiff patient or an in-state pharmacist defendant did not fill a prescription for the plaintiff patient. *Smallwood*, 385 F.3d at 574 n. 12; *see also Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 221 (5th Cir. 2018) ("When analyzing whether a discrete and undisputed fact precludes the possibility of recovery, we are mindful of what *Smallwood* identified as the prototypical cases"). Here, the parties' disagreement over the Wood Group's role at the project presents disputed facts that go beyond the prototypical case envisioned by *Smallwood*. Even assuming that Defendants have presented concrete evidence to establish that Martin was an employee of AMEC, not Wood Group, Defendants have not provided "direct, undisputed, dispositive answers as to the potential for liability" of Wood Group on Plaintiff's negligence and gross negligence claims. *Arias*, 532 F. Supp. 3d at 479. Defendants aver that the Master Services Agreement (the "Agreement") constitutes clear evidence that Wood Group was not a party to the agreement and therefore could not be found negligent or grossly negligent for conduct committed at the Project. However, the Agreement itself describes AMEC as a "Wood Group USA, Inc." company, which implicates the Wood Group's corporate structure and potential involvement at the Project. *See* ECF No. 16-6 at 23. Additionally, while Wood Group argues that the Agreement shields it from liability, "corporate capacity and attributable action can be a nuanced inquiry." *Arias*, 532 F. Supp. 3d at 479. Indeed, Plaintiff's evidence demonstrates a dispute regarding the role Wood Group played at the Project and whether the relationship between Wood Group and AMEC could implicate Wood Group as potentially liable for Plaintiff's negligence claims. As such, Plaintiff is entitled to discovery to determine the corporate structure of Wood Group and its involvement at the Project as it builds its case for potential liability.

*Smallwood* permits summary inquiry into "the presence of *discrete and undisputed facts*" as to the potential for liability of an in-state defendant. 385 F.3d at 573. The parties' competing evidence in this case extends beyond "discrete and undisputed facts." The parties' competing submissions demonstrate disputed facts that are not appropriate for summary inquiry. Applying a 12(b)(6) analysis, and viewing all disputed facts in favor of remand, Defendants have not met their heavy burden of showing there is no possibility of recovery against Wood Group. Because Defendants have not established that Wood Group was improperly joined, and it is undisputed that Wood Group is a citizen of Texas for purposes of diversity jurisdiction, removal is improper under 28 U.S.C. § 1441(b)(2) and remand is required.

### IV.   Conclusion

Having determined that removal to this Court is prohibited under 28 U.S.C. § 1441(b)(2), the Court RECOMMENDS that Plaintiff's Motion to Remand (ECF No. 12) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 17, 2022 at Houston, Texas.

<u>*Christina A. Bryan*</u>
Christina A. Bryan
United States Magistrate Judge